Ruffin, C. J.
 

 The Counsel for the plaintiff, Malcotn R. Carmichael, endeavoured to maintain the bill, as his bill, upon his right, as the administrator in the state of the intestate’s domicil, to receive the estate remaining in the hands of the administrator here after the
 
 payment
 
 of debts, for the purpose of making- distribution of the whole estate among those entitled by the law of South Carolina. But he has no such right as that supposed, It is true, that an intestate’s estate, wherever found, is to be distributed according to' the law of-the Country of his domicil — that is, among the persons and in the proportions prescribed in that law. But each Country claims the power of administering those parts of the effects, that áre within it, for the security of domestic creditors, and, of course by the distribution of the surplus. There is no obligation on the administrator here to pay the surplus to an administrator abroad, though he be appointed in the country of the intestate’s domicil. There are two clear reasons, why there cannot be any such obligation. One is, that an administration has no extra territorial operation, so as to enable t.he administrator abroad to demand the surplus from the administrator here, more than it would enable him to sue an ordinary debtor to the intestate. The
 
 Governor
 
 v.
 
 Williams,
 
 3 Ired. 154. The other is, that it would be a vain and useless thing for the one administrator to pay over the effects to the other; for, by whosesoever hand they be distributed,' they go to the same persons, and therefore it is immaterial, which hand distributes; and the law, will not take the fund from the one for the mere purpose of making it pass through the other.
 

 The bill therefore, as far as it is the bill of the administrator, appointed in South Carolina, must be dismissed at his costs.
 

 
 *368
 
 There would be some question, perhaps, whether the other plaintiffs could maintain the bill after improperly joining with Carmichael. But we are not disposed to consider it at all in this case, for as much as theadministra* tor here is desirous of settling the estate, and to that end submits to an account in his answer, and makes no objection on the hearing to a reference. The usual order for an account must, consequently, be made as between the defendant Archibald Ray and the other parties.
 

 It may possibly become material to consider the acts of the administrator in South Carolina; as if it should turn out on enquiry, that he has paid to any of the next of kin their full shares of the estate or parts thereof, since that would
 
 pro tanto
 
 bar them from the distribution here. But nothing of that kind can be anticipated, as there is no suggestion upon the subject, either in the bill or answers. That circumstance might make it convenient and proper, that he should have been made a defendant, but it will not enable him to maintain a bill against the administrator here.
 

 Psr Curiam.
 

 Decree accordingly.